**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JOSHUA BATISTA,

Plaintiff,

v.

PUBLIC SERVICE ELECTRIC & GAS COMPANY,

Defendant.

No. 24-cv-10835

**MEMORANDUM ORDER**

**CECCHI, District Judge.**

Before the Court is defendant Public Service Electric & Gas Company's ("PSEG") motion to dismiss *pro se* plaintiff Joshua Batista's ("Plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 18 ("Moving Br."); *see* ECF No. 16 ("Am. Compl."). Plaintiff opposed the motion, ECF No. 19, and PSEG replied,[1] ECF No. 20.  The Court decides the motion without oral argument.  Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

**WHEREAS** this case arises out of harm that Plaintiff allegedly suffered because of his commercial relationship with PSEG, a public utility company.  Am. Compl. ¶ 5.  He alleges that PSEG "has weaponized its position of power to engage in deceptive accounting practices, unlawful collection tactics, and outright exploitation of its customers."  *Id*. ¶ 1; and

**WHEREAS** according to Plaintiff, he entered into a "tariffs and customer agreement" with PSEG, which requires monthly payment for the provision of electricity and natural gas.  *Id.* ¶¶ 8–10, 23.  PSEG allegedly "has shut off Plaintiff's essential electricity and gas service on false pretenses, demanded unlawful forms of payment without proof of claim, misused Plaintiff's

---

[1] Plaintiff also filed a sur-reply, but did not seek leave from the Court as required by the Local Civil Rules.  ECF No. 21 at 1; *see* L. Civ. R. 7.1(d)(6).  Nonetheless, the Court has considered his submission.  *See Jarvis v. Gliottone*, No. 14-7766, 2018 WL 6603634, at *3 (D.N.J. Dec. 17, 2018) ("[C]ourts must treat *pro se* litigants with latitude." (citation omitted)).

trademarked name in commerce without consent, and concealed the true nature of its receivables and double-entry bookkeeping in violation of GAAP." *Id.* ¶ 1; *see also id.* ¶¶ 13–14; and

**WHEREAS** Plaintiff filed his original complaint on November 26, 2024. ECF No. 1. On a motion from PSEG, the Court dismissed that complaint on September 3, 2025, and provided Plaintiff with 30 days to amend. ECF No. 14 at 7. Plaintiff filed his amended complaint on September 16, 2025. Am. Compl. In the amended complaint, Plaintiff asserts roughly a dozen claims for relief and seeks $5,000,000 in damages. *Id.* ¶¶ 23–68. PSEG moved to dismiss the amended complaint under Rule 12(b)(6) on October 14, 2025. Moving Br.; and

**WHEREAS** a motion under Rule 12(b)(6) seeks dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a pleading must generally "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To do so, the pleading must state a plausible claim, meaning it must contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, when a claim sounds in fraud, the pleading "must state with particularity the circumstances constituting [the] fraud,' though 'intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017) (quoting Fed. R. Civ. P. 9(b)). In other words, a pleading must support allegations of fraud "with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where[,] and how of the events at issue." *Id.* (citation omitted); and

**WHEREAS** the Court conducts a three-step analysis when considering a Rule 12(b)(6) motion. First, the Court "must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"

2

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 675). Second, the Court disregards formulaic recitations of a claim's elements; legal conclusions; and "allegations that are 'so threadbare or speculative that they fail to cross the line between the conclusory and the factual.'" *Lutz v. Portfolio Recovery Assocs.*, LLC, 49 F.4th 323, 327–28 (3d Cir. 2022) (citation omitted). Third, the Court assumes the truth of the complaint's "remaining allegations," construes "them in the light most favorable to the plaintiff," draws "all reasonable inferences in the plaintiff's favor," and then determines whether plaintiff has stated a viable claim for relief. *Id.* at 328; *see also Higgs v. Att'y Gen. of U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (explaining that courts must construe *pro se* complaints liberally); and

**WHEREAS** the Court will dismiss the amended complaint because Plaintiff has failed to state a plausible claim for relief. The Court will address Plaintiff's claims in turn; and

**WHEREAS** Plaintiff has failed to state a claim for breach of contract because he does "not point to any specific contractual provision[] that [PSEG] breached." *Lockhart v. U.S. Bank Nat'l Ass'n*, No. 16-4398, 2017 WL 2709563, at *5 (D.N.J. June 22, 2017). "To state a breach of contract claim [under New Jersey law], a plaintiff must allege: (1) the existence of a contract between the parties, (2) a breach of that contract, (3) damages flowing from that contract, and (4) that the party bringing the breach of contract claim performed its own obligations under the contract." *Goydos v. Rutgers, State Univ.*, No. 19-8966, 2021 WL 5041248, at *15 (D.N.J. Oct. 29, 2021). Plaintiff alleges that his "service relationship" with PSEG is "governed by" a "tariffs and customer agreement." Am. Compl. ¶ 23. Moreover, he alleges that PSEG breached this agreement by failing to (1) "provide clear, GAAP-compliant billing and supporting records necessary to confirm the legitimacy of charges"; (2) disclose "complete ledger entries, offsets, and reconciliations when directly demanded"; and (3) provide him with an opportunity to "review a

3

verified proof of claim or sworn accounting under oath." *Id.* However, Plaintiff has not "specifically identif[ied] the portions of the [tariffs and customer agreement] that [PSEG] allegedly breached" through these acts and omissions. *Accurate Abstracts, LLC v. Havas Edge, LLC*, No. 14-1994, 2015 WL 5996931, at *4 (D.N.J. Oct. 14, 2015) (citation omitted). Therefore, the Court will dismiss his breach of contract claim; and

**WHEREAS** Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing, because it is duplicative of his breach of contract claim. A "plaintiff may not pursue a claim for a breach of the implied covenant of good faith and fair dealing if the claim is duplicative of the plaintiff's breach of contract claim," and a "claim for breach of the implied covenant is duplicative of a breach of contract claim when allegations of bad faith all relate to actions that form the basis of the breach of contract claim." *Cedar Holdings, LLC v. Menashe*, No. 16-7152, 2017 WL 1349321, at *3 (D.N.J. Apr. 7, 2017). Here, Plaintiff's allegations related to PSEG's breach of the implied covenant substantially overlap with his allegations about PSEG's breach of contract. *Compare, e.g.*, Am. Compl. ¶ 23 (alleging a breach of contract based in part on PSEG's failure to provide "clear, GAAP-compliant billing"), *with id.* ¶ 24 (alleging a breach of the implied covenant based on PSEG's "withholding a transparent, GAAP-compliant accounting"). Therefore, Plaintiff has failed to state a plausible implied covenant claim; and

**WHEREAS** Plaintiff has failed to state a claim under the New Jersey Consumer Fraud Act ("NJCFA"), because he does not satisfy Rule 9(b)'s heightened pleading standard for fraud claims. "To state a claim under the NJCFA, a plaintiff must allege that the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff." *Pharm-Rx Chem. Corp. v. BMP*, No. 15-8276, 2019 WL 1434721, at *9 (D.N.J. Mar. 31, 2019). The NJCFA defines "unlawful practice" as (1) the "act, use[,] or employment . . . of any commercial practice that is

4

unconscionable or abusive"; (2) "fraud"; (3) "false pretense"; (4) a "false promise"; (5) a "misrepresentation"; or (6) "the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression[,] or omission." N.J. Stat. Ann. § 56:8-2. Moreover, an NJCFA claim must satisfy the heightened pleading standard for claims sounding in fraud. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); and

**WHEREAS** Plaintiff alleges that PSEG "engaged in affirmative misrepresentations, knowing omissions, and unconscionable commercial practices by" (1) "misrepresenting the accuracy, validity, and legal basis of alleged arrears"; (2) "concealing material facts by refusing to provide a GAAP-compliant accounting and full ledger reconciliation"; (3) "issuing deceptive billing statements, collection letter, and termination threats calculated to mislead and coerce payment"; and (4) "exploiting its monopoly power over essential services to pressure Plaintiff into compliance without transparency or lawful proof of claim." Am. Compl. ¶ 23. But Plaintiff fails to allege additional facts to "inject the requisite precision into [his] allegations." *Frederico*, 507 F.3d at 200. For example, concerning PSEG allegedly issuing "deceptive billing statements . . . calculated to mislead or coerce payment," Plaintiff does not provide any additional factual background to explain how any billing statement was deceptive. Am. Compl. ¶ 23. Similarly, Plaintiff alleges that PSEG concealed material facts "by refusing to provide a GAAP-compliant accounting and full ledger reconciliation," but does not explain why it was fraudulent or deceptive for PSEG to withhold such materials. *Id.* As such, the Court will dismiss Plaintiff's NJCFA claim; and

**WHEREAS** Plaintiff has failed to state a claim for equitable accounting, because he has not alleged that he and PSEG share a fiduciary relationship. To state a claim for an equitable accounting under New Jersey law, a plaintiff must allege (1) the absence of a legal remedy and

(2)(a) a breach of a fiduciary relationship; (b) the need for discovery; or (c) the existence of a complex account. *Lifescan, Inc. v. Smith*, No. 17-5552, 2025 WL 1627196, at *17 (D.N.J. Mar. 4, 2025). Plaintiff appears to ground his equitable accounting claim in an alleged fiduciary relationship between the Parties because he has an account with PSEG and PSEG provides "essential utility services." *See, e.g.*, Am. Compl. at 1, ¶¶ 1, 27. But "ordinary business transactions" do not give rise to fiduciary duties. *Read v. Profeta*, 397 F. Supp. 3d 597, 633 (D.N.J. 2019); *see Migliore by Migliore v. Vision Solar LLC*, 160 F.4th 79, 88 (3d Cir. 2025) ("'[F]iduciary duties are not imposed in ordinary commercial business transactions' governed by contracts." (citation omitted)). As such, Plaintiff's equitable accounting claim is not viable; and

**WHEREAS** Plaintiff has failed to state a claim for negligence, trespass to chattels, and conversion, because these claims run into New Jersey's economic loss doctrine. New Jersey's "economic loss doctrine bars claims for negligence between parties to a contract." *Beaman v. Bank of Am., N.A.*, No. 21-20561, 2024 WL 3219224, at *17 (D.N.J. June 28, 2024). The doctrine prevents a party from "seeking to enhance the benefit of the bargain [he] contracted for with" his counterparty. *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 280 (N.J. 2002). However, the economic loss doctrine does not bar tort claims—*e.g.*, negligence, trespass, and conversion, *Rost v. Avelo Mortg., LLC*, No. 15-3254, 2015 WL 6737026, at *5 (D.N.J. Nov. 3, 2015); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 311 (D.N.J. 2009)—where the claim at issue arises from conduct extraneous to the contract, *see Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, 723 F. Supp. 3d 363, 380 (D.N.J. 2024). Plaintiff alleges that his commercial relationship with PSEG is governed by "PSEG's tariffs and customer agreement," "a binding contract." Am. Compl. ¶ 23. So, to allege a viable negligence claim in light of the

6

economic loss doctrine, his claim must be independent of the Parties' contract and the commercial arrangement it sets; and

**WHEREAS** Plaintiff's negligence claim, however, centers on PSEG's billing, accounting, and payment practices, *id.* ¶ 30—practices which are governed by the "binding contract" between the Parties, *id.* ¶ 23. Similarly, Plaintiff's trespass claim centers on PSEG's "intentional[] dispossesse[sion] [of] Plaintiff['s] . . . use and enjoyment of essential personal property, including electricity-dependent appliances," by "terminating" or "interrupting" Plaintiff's utility electricity services. *Id.* ¶ 52. However, Plaintiff alleges that this termination or interruption was also a breach of the Parties' contract. *See id.* ¶ 23. And finally, to support his conversion claim, Plaintiff alleges that PSEG "engaged in conversion by misappropriating Plaintiff's payments, credits, and negotiable instruments." *Id.* ¶ 53. In other words, "[i]nstead of properly applying payments to verified balances[,] [PSEG allegedly] diverted and applied them to inflated or unsubstantiated charges, effectively seizing Plaintiff's property without lawful justification." *Id.* Once again, this conduct is part of PSEG's alleged breach of contract. *Id.* ¶ 23. Therefore, these claims are barred by the economic loss doctrine; and

**WHEREAS** Plaintiff has failed to state a plausible claim under Article I, Section 10, Clause 1 of the U.S. Constitution, because Plaintiff does not remotely explain how PSEG's conduct implicates this constitutional provision. Article I, Section 10, Clause 1 provides that "[n]o State shall . . . coin money . . . [or] make any Thing but gold and silver Coin a Tender in Payment of Debts." U.S. Const. art. I, § 10, cl. 1. Plaintiff alleges that PSEG's "unlawful[] insist[ance] upon specific forms of payment," "while simultaneously refusing to reconcile credits*,* offsets, and ledger entries," Am. Compl. ¶ 37, somehow offends the Constitution's limitation on the States' ability to issue their "own currency," *Hernandez v. Kiak*, No. 14-2317, 2016 WL 5796895, at *5 (M.D. Pa.

7

Sept. 30, 2016); *see Troy Ltd. v. Renna*, 727 F.2d 287, 294 (3d Cir. 1984) (explaining that Article I, Section 10, Clause 1 was ratified in response to "post-Revolutionary War state legislation purporting to repudiate obligations owed by local debtors to British and loyalist creditors," *i.e.*, State "laws staying the time for payment of debts, making paper money legal tender, and sequestering debts due British creditors"). Because it is not at all clear how PSEG's alleged conduct runs afoul of this clause, the Court will dismiss this claim; and

**WHEREAS** Plaintiff has failed to state a plausible claim for unjust enrichment, because Plaintiff alleges that there is a valid contract governing the Parties' rights. To state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that "defendant received a benefit and that retention of that benefit without payment would be unjust." *Hale v. Stryker Orthopaedics*, No. 08-3367, 2009 WL 321579, at *9 (D.N.J. Feb. 9, 2009) (citation omitted). "However, an unjust enrichment claim cannot be sustained under New Jersey law if there is a valid and unrescinded contract governing the parties' rights." *Urbino v. Ambit Energy Holdings, LLC*, No. 14-5184, 2015 WL 4510201, at *7 (D.N.J. July 24, 2015). Because Plaintiff alleges that his commercial relationship with PSEG is governed by "a binding contract," Am. Compl. ¶ 23, he cannot state a viable unjust enrichment claim; and

**WHEREAS** Plaintiff has failed to state a claim for trademark infringement and false endorsement under 15 U.S.C. § 1125(a), because he has not alleged that PSEG's use of his alleged mark has caused or is likely to cause any confusion. The elements of a trademark infringement claim are identical to the elements of a false endorsement claim. To state any such claim, a plaintiff must allege that (1) the marks are valid and legally protectable, (2) the marks are owned by plaintiff, and (3) defendant's use of the marks in providing goods or services is likely to create confusion. *See Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3d Cir. 2008) (false

8

endorsement); *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (trademark infringement); and

**WHEREAS** Plaintiff alleges that he has a valid mark in his name, "Joshua Robert Batista." Am. Compl. ¶ 46 (citing Ex. M). But Plaintiff does not explain how PSEG has used his name in a way that is likely to create confusion concerning the origin of any goods or services. *See, e.g.*, *Dille Fam. Tr. v. Nowlan Fam. Tr.*, 207 F. Supp. 3d 535, 546 (E.D. Pa. 2016) ("Since the facts alleged in the SAC do not plausibly suggest likelihood of confusion regarding Plaintiff's sponsorship or approval of the script and series bible, Plaintiff has failed to plead a false endorsement claim."); *Lynch v. Basinger*, No. 12-637, 2012 WL 6213781, at *4 (D.N.J. Dec. 12, 2012) (dismissing trademark infringement claim where complaint included "no allegations concerning Defendants' current use, if any, of the [] mark, nor is there any showing of confusion that could result from such use"). Indeed, Plaintiff's claim appears to center on PSEG's use of his name on billing statements the company issued *solely to Plaintiff*. *See, e.g.*, Am. Compl. ¶ 46. It is therefore not plausible on these allegations that PSEG's activity caused or will cause any confusion. As such, the Court will dismiss Plaintiff's trademark infringement and false endorsement claims;[2] and

---

[2] Plaintiff entitles this claim "trademark infringement / false endorsement (15 U.S.C. §§ 1125(a), 1127) and New Jersey common law." Am. Compl. ¶¶ 45–50. New Jersey common law provides a cause of action for trademark infringement. *See Gold Cross Safety Corp. v. PHH Vehicle Mgmt.*, No. 07-2401, 2008 WL 2625357, at *6 (D.N.J. June 27, 2008). However, it appears that N.J. Stat. Ann. 56:4-1, *et seq.* (not New Jersey common law) provides a cause of action for false endorsement, though New Jersey common law provides a cause of action for unfair competition, which is similar to false endorsement. *See Acosta v. Faraones Nightclub*, No. 18-17710, 2023 WL 4946960, at *5 (D.N.J. Aug. 3, 2023). Therefore, the Court construes Plaintiff's amended complaint to bring a common law trademark infringement claim, a common law unfair competition claim, and a state statutory false endorsement claim (in addition to federal trademark and false endorsement claims). *See Higgs*, 655 F.3d at 339. However, all three state-law claims similarly require a likelihood of confusion. *See Acosta*, 2023 WL 4946960, at *5 (finding federal and New Jersey false endorsement claims to be coextensive); *Geiger v. SA & G Corp.*, No. 22-1797, 2023

9

**WHEREAS** Plaintiff has failed to state a claim for *per se* defamation.  To state a claim for *per se* defamation under New Jersey law, a plaintiff must allege "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher."  *NY Mach. Inc. v. Korean Cleaners Monthly*, No. 17-12269, 2023 WL 3508330, at *5 (D.N.J. May 17, 2023) (citation omitted).  Plaintiff alleges that PSEG "falsely labeled or implied that Plaintiff advances so-called 'sovereign citizen' theories, a pejorative slur commonly used to delegitimize litigants and poison the perception of their claims."  Am. Compl. ¶ 57.  Plaintiff appears to be referencing PSEG's first motion to dismiss, which argued "Plaintiff's [original] Complaint appears to be grounded on sovereign citizen principles."  ECF No. 9-1 at 6; *see also id.* at 2, 7–8, 14, 16–17; and

**WHEREAS** these statements are not actionable for at least two reasons.  First, these statements are privileged, because PSEG made them "in the course of judicial . . . proceedings." *Rohrabacher v. Olivio*, No. 07-01496, 2008 WL 1840769, at *5 (D.N.J. Apr. 23, 2008) (citation omitted); *see Abira Med. Lab'ys, LLC v. Wiesner*, No. A-2550-21, 2023 WL 2643528, at *5 (N.J. Super. Ct. App. Div. Mar. 27, 2023) ("The litigation privilege applies to 'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" (citation omitted)).  Second, Plaintiff does not plausibly allege that this statement was defamatory.  *See MCO & EA LLC v. Silver Globe Inc.*, No. 20-17100, 2022 WL 2161522, at *5 (D.N.J. June 14, 2022) ("A defamatory statement is one that is false and injurious

---

WL 5515975, at *3 (D.N.J. Aug. 25, 2023) ("[I]t appear[s] that New Jersey statutory and common law for unfair competition consists of the same elements as those under the [federal law]."); *Gold Cross Safety*, 2008 WL 2625357, at *6 ("The key element of common law trademark infringement or unfair competition based upon trademark infringement is the likelihood of consumer confusion.").  As such, the Court will dismiss these three state-law claims as well.

to the reputation of another."). Therefore, the Court will dismiss Plaintiff's defamation *per se* claim.

Accordingly, **IT IS** on this 22nd day of May 2026;

**ORDERED** that PSEG's motion to dismiss Plaintiff's amended complaint (ECF No. 18) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's amended complaint (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that to the extent Plaintiff is able to cure the pleading deficiencies identified in this Order, he shall have thirty (30) days from the date of this Order to file a second amended complaint. Insofar as Plaintiff submits a second amended complaint, he shall also provide a form of the second amended complaint that indicates in what respect it differs from the amended complaint, bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15.1(b)(2); and it is further

**ORDERED** that the Office of the Clerk of Court shall mark this matter closed.

**SO ORDERED**.

                                   */s/ Claire C. Cecchi*
                                **CLAIRE C. CECCHI, U.S.D.J.**